UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONARD DELDIO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUNRISE EXPRESS INC., et al.,<br><br>    Defendants. | No. 2:16-cv-2318 CKD<br><br><br>ORDER |

Pending before the court is defendants' motion for partial judgment on the pleadings. The matter was submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Defendants move for judgment on the pleadings with respect to plaintiff Engel's claim for loss of consortium. Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

/////

1

Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law."  3550 Stevens Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir. 1990).  In considering a motion for judgment on the pleadings, the court reviews the pleadings only.  The allegations of the non-moving party must be accepted as true.  See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1989); see also Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 882 (9th Cir. 2011).  A motion for judgment on the pleadings is functionally identical to a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6); the same legal standard applies.  See Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

In the complaint, plaintiffs allege that they are common-law husband and wife.  They further allege that for over twenty-one years they have held themselves out as husband and wife, have children together, and have shared income and expenses throughout their relationship.  ECF No. 1 at p. 11.  Under California law,[1] common law marriage is not recognized.  California Family Code § 300.  As such, a loss of consortium claim for unmarried cohabitating couples cannot lie.  See Elden v. Sheldon, 46 Cal. 3d 267, 275 (1988).  The plain allegations of the complaint demonstrate that defendants are entitled to judgment on the pleadings on this claim.

Accordingly, IT IS HEREBY ORDERED that defendants' motion for judgment on the pleadings with respect to plaintiff Engel's claim for loss of consortium  (ECF No. 8) is granted.

Dated:  January 11, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 deldio2318.jop

---

[1] This action was removed from state court on the basis of diversity and therefore California law governs the state law claims.